UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Haskell Turner Williams**     **Docket No. 7:15-CR-2-8D**

**Petition for Action on Supervised Release**

COMES NOW Matthew A. Fmura, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Haskell Turner Williams, who, upon an earlier plea of guilty to Discharge of a Firearm in Furtherance of a Drug Trafficking Crime and Aiding and Abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and 18 U.S.C. § 2, was sentenced by the Honorable Malcolm J. Howard, Senior U.S. District Judge, on January 12, 2016, to the custody of the Bureau of Prisons for a term of 84 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years. On May 27, 2021, this case was reassigned to the Honorable James C. Dever III.

Haskell Turner Williams was released from custody on October 6, 2021, at which time the term of supervised release commenced in the Western District of Virginia. On February 1, 2022, a Violation Report was submitted advising the court of drug use, failure to maintain a stable residence, and failure to contact the assigned probation officer as instructed. The defendant was verbally reprimanded and counseled about his actions. Williams was also referred to substance abuse treatment and agreed to participate.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On February 14, 2022, Williams was arrested on historical charges in Fairfield County, South Carolina, of Criminal Sexual Contact with a Minor, or Attempt – Victim 11 to 14 Years of Age, which occurred on September 9, 2010 (M400695). On March 22, 2022, the defendant pled guilty, and was sentenced to 96 months in the South Carolina Department of Corrections, with credit for 86 months served in federal custody. Furthermore, Williams was ordered to register as a sex offender in his area of residence and pay fines and court costs. The defendant was released from Fairfield County Detention Center on May 1, 2022, and has an expiration of December 19, 2026, due to tolling of supervision while he was in state custody.

Upon release, Williams resumed residence in the Roanoke, Virginia, area. The U.S. Probation Office in the Western District of Virginia is requesting the following conditions be added to tailor to the specific mental health and/or sex offense specific needs of the defendant. Williams signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall not contact or communicate, directly or indirectly, with persons less than 18 years of age ("minors"). This includes communication by any means, including verbal, written, telephonic, electronic, or other communications. The prohibition against communication with minors is intentionally wide-ranging, encompassing the transmission of any information, whether by audio, video, digital or other means. It includes, but is not limited to, any communications via the Internet, cellular phone, any cellular phone or computer application, text message, social media, social networking website, blog, peer to peer file sharing network or other method. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal in order to obtain ordinary and usual commercial services.

Haskell Turner Williams
Docket No. 7:15-CR-2-8D
Petition For Action
Page 2

2. The defendant shall submit to polygraph, or any other court approved testing to monitor the defendant's compliance while on supervision.

3. The defendant shall submit to an evaluation/risk assessment by a qualified mental health professional approved by the probation officer, who is experienced in the treatment of sexual offenders. The evaluation may include psychological and physiological testing (i.e. plethysmograph exams). The defendant shall take all medications reasonably related to his or her condition; complete all treatment recommendations, which may include physiological testing (i.e. polygraph exams), and abide by all rules, requirements, and conditions imposed by the treatment provider until discharged from treatment by the provider.

4. The defendant shall participate in a program of mental health treatment as approved by the probation officer, until such time as the defendant has satisfied the requirements of the program. He shall take medications related to his mental health treatment.

5. The defendant's residence and employment shall be approved by the probation officer. Any proposed change in employment must be provided to the probation officer at least 10 days prior to the change and must be approved before the change may take place.

6. The defendant shall not have any contact with convicted felons, specifically the codefendants in his case.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Matthew A. Fmura
Matthew A. Fmura
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2345
Executed On: May 18, 2022

### ORDER OF THE COURT

Considered and ordered this __19__ day of __May__, 2022, and ordered filed and made a part of the records in the above case.

_____
James C. Dever III
U.S. District Judge